UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff<br><br>v.<br><br>DAVID VEGA MOLINA   and<br>MICHELLE RODRIGUEZ MATOS<br>    Defendants<br>_____ | *<br>*<br>*   Criminal No. 99-295(DRD)<br>*<br>*<br>*<br>*<br>*<br>* |

**UNITED STATES REPLY TO MOTION TO DISMISS
COUNT IV OF THE INDICTMENT**

COMES NOW the United States of America by and through the undersigned attorneys and very respectfully states and prays as follows:

1. Defendant David Vega Molina has filed a motion to dismiss Count Four of the Indictment in this case. Co-defendant Michelle Rodriguez Matos has joined the aforesaid motion without legal argument or acknowledging the existence of an opinion by the Court of Appeals in this case.

2. The United States respectfully submits that the opinion of the Court of Appeals in this case precludes both defendants of any further maneuvers in regards to Count Four of the Indictment.

3. On appeal, the defendants argued that their convictions on Count Four for conspiracy to take a foreign national hostage transgressed the Ex Post Facto Clause. See U.S. Const. art. I, § 9, cl. 3. The offense charged in Count Four took place early in 1995. The appellants are correct that the

**Criminal No. 99-295(DRD)**                                                                 <u>Page No. 2</u>

statute of conviction, 18 U.S.C. § 1203(a), did not then contain a conspiracy provision because that provision was not added to the statute until 1996. See Anti-Terrorism and Effective Death Penalty Act, Pub.L. 104-132, § 723, 110 Stat. 1214, 1300 (1996). <u>See</u> <u>Libby v. Magnusson</u>, 177 F.3d 43, 46 (1st Cir.1999) (defining an ex post facto law as, inter alia, "one that punishes, as a crime, an act which was innocent when committed").  Nevertheless, the Court of Appeals determined that there was a "wrinkle":  the appellants neglected to make a motion to dismiss or otherwise to mount an ex post facto challenge in the district court.

    4.  The United States further submits that two or more persons may conspire to commit any crime, including a violation of Title 18, <u>United States Code</u>, Section 1203(a), as that statute was redacted by January 1995, when the offense was committed.  The Court of Appeals understood this to be the case and instituted this reasoning as the law of this case and expressed the following:

    "That conclusion does not end our journey. The government suggests that, on the singular facts of this case, a question of remedy remains. In the government's view, we should uphold the convictions as permissible under the general conspiracy statute, 18 U.S.C. § 371, but reduce the appellants'

**Criminal No. 99-295(DRD)**                                                                                                    <u>**Page No. 3**</u>

sentences to the five-year maximum available under that statute."[1]

5.  In reaching the conclusion suggested by the United States, the Court of Appeals reasoned as follows:

"**We agree with the government's argument**(emboldened for emphasis). It is apodictic that erroneous statutory citations in an indictment do not constitute grounds for reversing a conviction, as long as the defendant was on fair notice of the charges against him. See, e.g., <u>United States v. Stein</u>, 233 F.3d 6, 23-24 (1st Cir.2000); <u>United States v. Van West</u>, 455 F.2d 958, 959 (1st Cir.1972). We perceive no substantive difference between charging a defendant with a section 371 conspiracy to violate section 1203 and charging a defendant under the nascent conspiracy provision of section 1203, as amended. This congruence is solid proof that the appellants were in no way prejudiced in their ability to mount a defense by the government's erroneous citation to the amended (and inapplicable) version of section 1203. See, e.g., <u>United States v. Eirby</u>, 262 F.3d 31, 38 (1st Cir.2001) (holding that miscitation or omission of a statutory provision is not a basis for reversal unless the defendant demonstrates prejudice); see also Fed.R.Crim.P. 7(c)(3).

The short of it is that, in practical effect, the amendment adding the

---

[1] **The statute provides in pertinent part**:
"If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both."   18 U.S.C. § 371.

**Criminal No. 99-295(DRD)**                                    <u>Page No. 4</u>

language "or conspires" to section 1203, see supra note 4, did not create a new offense; it merely increased the potential penalty for a preexisting crime. Thus, leaving the conviction intact but trimming back the penalty comports with the core purpose of the Ex Post Facto Clause. After all, there is ample case law to support the proposition that when a defendant is sentenced under a penalty provision that did not exist at the time of the offense, the proper remedy is not to reverse the conviction, but, rather, to remand for re-sentencing under the preexisting penalty provision. See <u>Miller v. Florida</u>, 482 U.S. 423, 435-36, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987); <u>United States v. Vazquez-Rivera</u>, 135 F.3d 172, 177 (1st Cir.1998). We find this parallel persuasive and, thus, decline the appellants' invitation to throw out the baby with the bath water.

In reaching this decision, we are mindful of the fact that none of the appellants raised the ex post facto issue in the trial court. Had they done so, the government could have moved to amend the indictment either to charge a section 371 conspiracy or to charge a direct violation of section 1203. The appellants' inattentiveness should not redound to their benefit. <u>United States v. Taylor</u>, 54 F.3d 967, 972 (1st Cir.1995) (observing that "the law ministers to the vigilant, not to those who sleep upon perceptible rights").

**To sum up, we reject the appellants' ex post facto challenge to their convictions on count 4, with the proviso that their sentences on**

Criminal No. 99-295(DRD)                                                                                    <u>Page No. 5</u>

**that count must be refashioned to reflect the five-year statutory maximum contained in 18 U.S.C. § 371."** (Emboldened for emphasis).

     6.  The United States respectfully submits that co-defendant Vega Molina is in the same position as to Count Four as the other three co-defendants in this case and based on the reasoning of the Court of Appeals, he is not entitled to further benefits.  It should be further noted that at footnote 3, of the opinion of the Court of Appeals, the following is expressed:

     "FN3.  Since we already have held that Vega is entitled to a new trial on the only two counts with which he was charged, see supra Part III(A), references from this point forward to "the appellants" encompass, whenever the context permits, only Zuniga, Villega, and Rodriguez-Matos."

This footnote rejects any other interpretation than that which it explicitly states, that is, that Vega Molina is entitled to a new trial on the only two counts with which he was charged.

     6.  In the case of co-defendant Vega Molina, whom the Court of Appeals determined was entitled to a new trial on Counts Four and Five, the United States submits that determination of the Court of Appeals is "the law of this case."  "The law of the case doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.' " <u>United States v. Moran</u>, 393 F. 3d. 1 at page 7 (1st. Cir. 2004)(quoting <u>Arizona v. California</u>, 460 U.S. 605, 618 (1983).  Under the "second branch" of this doctrine, a legal decision made at one stage of a criminal or civil proceeding should remain the law of that case

**Criminal No. 99-295(DRD)** <u>Page No. 6</u>

throughout the litigation, unless and until the decision is modified or overruled by a higher court" <u>Moran</u>, 393 F.3d at 7, (citing <u>Christianson v. Colt Indus. Oper'g. Corp</u>. 486 U.S. 800, 816-17 (1988). "That branch binds, for example, a successor appellate panel in a second appeal in the same case, see <u>Cohen v. Brown Univ</u>., 101 F.3d 155, 167-68 (1st. Cir. 1996), and a successor trial judge who steps in to complete a pending case, see <u>Flibotte v. Pa. Truck Lines, Inc</u>. 131 F.3d 21, 24-25 (1st. Cir. 1997). " <u>Moran</u>, 393, F.3d 1, 7.

Wherefore, the United States respectfully requests defendant's motion to dismiss Count Four of the Indictment, be denied as to both co-defendants.

San Juan, Puerto Rico, this 27th. day of July, 2005.

Respectfully submitted.

          H. S. GARCIA
          UNITED STATES ATTORNEY

          S/Antonio R. Bazán, 117007
          Assistant U.S. Attorney
          Criminal Division
          Torre Chardón, 16th. Floor
          #350 Chardón Avenue
          Hato Rey, Puerto Rico, 00918
          Tel. (787) 766-5650

Criminal No. 99-295(DRD) <u>Page No. 7</u>

## CERTIFICATE OF SERVICE

 I hereby certify that on July 27, 2005, I electronically filed the foregoing document with the Clerk of the Court Cm/ECF system which will send notification of such filling to the following attorneys:
1. Linda Backiel, Esq.
2. Jose Romo Matienzo, Esq.

              S/Antonio R. Bazán, 117007
              Assistant U.S. Attorney