UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO


| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| v. | : |
| **DAVID VEGA MOLINA** | :  Cr. 99-295 (DRD) |


MOTION FOR LEAVE TO RESPOND TO
REPLY TO MOTION DISMISS COUNT IV OF THE INDICTMENT
WITH TENDERED REPLY

TO THE COURT:

DEFENDANT, David Vega Molina, by his undersigned counsel, hereby moves the Court for leave to respond to the Reply filed by the United States in opposition to his Motion to Dismiss Count IV, and accept this tendered Reply, on the grounds and for the reasons stated below.

1. On July 27, counsel received the United States Reply to Dismiss Count IV of the Indictment.

2. Its argument with respect to this Defendant is a logically flawed invitation to Constitutional error.

3. Raising the banner of "law of the case," the prosecution argues that there is no bar to Appellant's trial on Count IV because the Court of Appeals determined, in companion cases, that **on plain error review**, the remedy for an erroneous conviction on COUNT IV was resentencing as if the codefendants[1] had been convicted under 18 U.S.C. §371, to a term of a maximum of five years.

4. First, the applicable "law of the case" as to the Ex Post Facto nature of Count IV is this:

> there is obvious force to the claim that the Ex Post Facto Clause pertermits the convictions on count 4, See Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999)(defining an ex post facto law

---

[1] The Court of Appeals decided to reverse Appellant's conviction before it reached the Ex Post Facto issue in its opinion, thus, it used the term "Appellants" in that section to refer only to the codefendants. This in no way blunts the force of the Court's determinations that retroactive application of the statute constituted a "blatantly incorrect" and "transparently clear" constitutional violation. See Slip opinion at page 14 of 29 and footnote 3.

1

as, inter alia, "one that punishes, as a crime, an act which was innocent when committed." United States v. David Vega Molina, 407 F.3d 511 (2005) (Docket No. 03-1625, electronically available at USCA1 Opinion 2003-1625) Slip Opinion at page 14 of 29.

Then, noting that no motion to dismiss had been made in the district court, the Court of Appeals found that appellants

> **easily satisfy the first three prongs of the plain error test. The retroactive application of the conspiracy provision** [18 U.S.C. §1203, **charged in Count IV] was blatantly incorrect; the ex post facto violation is transparently clear; and the error unarguably affected the appellants' substantial rights.**

Id..

5. This, and not the **remedy for the plain error** in the codefendants' case (resentencing as if they had been convicted of violation of 18 U.S.C. §371) is the "law of the case" with respect to Appellant, whose conviction was not affirmed, but reversed.

6. Now, in the District Court, he moves to dismiss Count IV because, as the Court of Appeals has made perfectly clear, his trial on that count would violate the Ex Post Facto Clause of the Constitution (U.S Constitution, Art. I §9, cl. 3).

7. The prosecution does nothing other than urge this Court to ratify its "blatantly incorrect" attempt to retroactively apply a statute which did not prohibit the conduct charged in the indictment until after it had occurred, for yet another "transparently clear" constitutional violation.

8. This Court is not called upon to determine the proper remedy for a plain error not raised before it, but rather to decide whether the Constitution permits Mr. Vega to be tried on Count IV of the indictment for an offense that did not exist at the time the events occurred.

9. The Court of Appeals decision clearly tells it that the Constitution does not authorize such a prosecution.

WHEREFORE, it is respectfully requested that this tendered Response to the prosecution's Reply be considered, and in consideration of this Response and the initial Motion, COUNT IV MUST BE DISMISSED.

CERTIFICATION

I hereby certify that on this date, the foregoing was electronically filed with the Clerk of the Court via CM/ECF system, which will cause a copy to be electronically served upon AUSA Antonio Bazán and all counsel of record.

Respectfully submitted:

July 28, 2005

s/  <u>Linda A. Backiel</u>
USDC # 212110
Av. E. .Pol 497 PMB 597
La Cumbre, San Juan
Puerto Rico 00926-5639
Tel and Fax: 787-751-4941
ollb@coqui.net