### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| v. | : |
| **DAVID VEGA MOLINA** | :   Cr. 99-295 (DRD) |

**DEFENDANT'S OPPOSITION TO
MOTION TO AMEND THE INDICTMENT**

TO THE COURT:

  DEFENDANT, David Vega Molina, hereby opposes the prosecution's Motion to Amend Count IV of the Indictment on the grounds and for the reasons stated in his pending Objections to Report and Recommendation, incorporated by reference herein, as well as those that follow:

  1. The Motion is premature because Defendant's timely Objections to the Report and Recommendation are pending decision.

  2. Even if the Objections were to be denied and the Report were to be adopted, this Court could not grant the Motion without violating Defendant's Fifth Amendment right to indictment by grand jury.

  3. The prosecution invokes Rule 7(e) as authority for its motion to amend and indictment. Rule 7(e) does not, and could not, consistent with the Constitution, authorize the prosecution to "amend" an indictment, as requested. Rule 7(e) of the Federal Rules of Criminal Procedures authorizes the prosecution to amend "INFORMATIONS", which are charging documents issued by prosecutions in misdemeanor cases.

4. The original and requested amended charge are not misdemeanors, but felonies carrying life or death sentences. They can neither be initially charged, nor subsequently amended, by way of information. Any attempt to do so is in clear violation of that part of the Fifth Amendment to the Constitution which provides, in pertinent part:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger, . . .

5. This is not a case "arising in the land or naval forces, or in the Militia, . . . ."

6. Defendant is therefore entitled to be tried only upon an indictment issued by a grand jury.

7. An indictment "amended" by the prosecution, with or without the consent of the district court, is not an indictment returned by a grand jury. See, Russell v. United States, 369 U.S. 749, 769 (1962).

8. The prohibition against prosecutorial amendment of a grand jury's indictment is not a novel or capricious one. In 1887, the Supreme Court quoted Lord Mansfield on the "great difference between amending indictments and amending informations," noting "Indictments are found upon the oaths of a [grand] jury and ought only to be amended by themselves," while informations may, with leave, by amended. Ex parte Bain, 121 U.S. 1, 6 (1887).

9. Because the amendment sought by the Motion would violate Defendant's Fifth Amendment right to indictment by grand jury, and Defendant's Sixth Amendment right "to be informed of the nature and cause of the accusation," it is prohibited. See, Ex parte Bain, supra, Stirone v. United States, 361 U.S. 212 (1960).

10. Merely seeking court approval for the proposed amendment does not save the infirmity. A prohibited amendment "occurs when the charging terms of the indictment are altered, .

. . in effect, by prosecution **or court** after the grand jury has passed upon them." United States v. Dunn, 758 F.2d 30, 35 (1st Cir. 1985)(emphasis supplied).

      11. As a separate and independent ground, the prosecution's proposed amendment makes no sense. First, it proposes to charge violation of 18 U.S.C. §1203(a)(b)(2)–the same section charged in Count IV of the original indictment. That charge is clearly prohibited by the Court of Appeals' Opinion, as it violates the Ex Post Facto clause. ("The retroactive application of the conspiracy provision was blatantly incorrect; the ex post facto violation is transparently clear..." United States v. David Vega Molina, Slip Opinion at page 14 of 29.

      12.  The Motion also proposes including in the same count, violation of 18 U.S.C. §371, which is a separate and new charge which (a) has not been returned by a grand jury, and (b) cannot be charged in the same count without violating Rule 8, Federal Rules of Civil Procedure ("The indictment may charge a defendant in separate counts with two or more offenses...)".

      13.  The prosecution's efforts to resurrect the prohibited charge must fail for an additional reason: this Court is not reviewing for plain error, as did the Court of Appeals with respect to the three codefendants, but is being asked by the prosecution to authorize a "transparently clear" and "blatantly incorrect" charge, by way of an unconstitutional amendment to the indictment.

      14.  Defendant reserves his right to object on any and all appropriate grounds to any altered, amended or new indictment that may be eventually authorized or presented.

## CONCLUSION

For all the reasons discussed above, and in defendant's Motion to Dismiss Count IV and Opposition to Magistrate's Report and Recommendation thereto, the Motion to Amend the Indictment must be denied.

      CERTIFICATION

I hereby certify that on this date, the foregoing was electronically filed with the Clerk of the Court via CM/ECF system, which will cause a copy to be electronically served upon all counsel of record.

Respectfully submitted:

October 17, 2005

        s/      Linda A. Backiel
              USDC # 212110
              Av. E. .Pol 497 PMB 597
              La Cumbre, San Juan
              Puerto Rico 00926-5639
              Tel and Fax: 787-751-4941
              ollb@coqui.net