UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br><br>v.<br><br>DAVID VEGA MOLINA   and<br>MICHELLE RODRIGUEZ MATOS<br>Defendants | Criminal No. 99-295(DRD) |

**UNITED STATES MEMORANDUM IN SUPPORT OF
MOTION TO AMEND COUNT FOUR OF THE INDICTMENT**

COMES NOW the United States of America by and through the undersigned attorneys and very respectfully states and prays as follows:

1. The United States, pursuant to the Report and Recommendation dated September 28, 2005, of the Hon. Gustavo A. Gelpi, United States Magistrate-Judge, requests[1] the following:

That <u>Count Four</u> of the Indictment in the above captioned case be amended pursuant to **Rule 7(c)(3)**, <u>Federal Rules of Criminal Procedure</u> to read in its citation of the law, at paragraph 1, page 7, in its pertinent part, "**in violation of Title 18, United States Code, § 1203(a)(b)(2)[2] and 371**."

---

[1] Title 18, <u>United States Code</u>, Rule 7(e) was erroneously cited, but the request was correctly made to include §371 as the conspiratorial violation of law in conjunction with § 1203(a)(b)(2).

[2] Title 18, <u>United States Code</u>, Section 1203(a)(b)(2) is the original violation of law charged in the Indictment.

**Criminal No. 99-295(DRD)**                                                                                      <u>Page No. 2</u>

  2. Count Four of the Indictment charged a conspiracy to violate Title 18, <u>United States Code</u>,§1203(a)(b)(2).   The cited statute as of the year the offense was committed, year 1995, did not provide for a conspiracy within the structure of the statutory language, however, every offense is susceptible of being charged as a conspiracy.  That count could have been charged in the Indictment against  multiple defendants using the "aiding and abetting" modality of Title 18, <u>United States Code</u>, Section, Section 2.

  3. Rule 7(c)(3), Federal Rules of Criminal Procedure, reads as follows:

> "**(3) Citation Error.** Unless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction."

  4. It is hereby submitted to this Honorable Court that the law regards citations to statutes or regulations as not part of the Indictment.  A conviction may be sustained on the basis of a statue or regulation other than that cited.  <u>Williams v. United States</u>, 168 U.S. 382, 389; In  <u>United States v. Hutcheson</u>, 312 U.S. 219, it was further held that  "[I]n order to determine whether an indictment charges an offense against the United States, designation by the pleader of the statute under which he purported to lay the charge is immaterial"(Frankfurter, J.)

  5. In United <u>States v. Vega Molina</u>, 407 F. 3d 511 (2005), the case at issue here, at page 525, the Court of Appeals for the First Circuit expresses the following:

**Criminal No. 99-295(DRD)** <u>Page No. 3</u>

"We agree with the government's argument. It is apodictic that erroneous statutory citations in an indictment do not constitute grounds for reversing a conviction as long as defendant was on fair notice of the charges against him. See e.g <u>United States v. Stein</u>, 233 F.3d 6, 23-24 (1st. Cir. 2000); <u>United States v. Van West</u>, 455 F.2d 958, 959 (1st. Cir 1972). We perceive no substantive difference between charging a defendant with a section 371 conspiracy to violate section 1203 and charging a defendant under the nascent conspiracy provision of section 1203."

6. The United States further submits that counsel for defendant has failed to show prejudice by his case being remanded for retrial together with Count 5 of the Indictment. Title 18, <u>United States Code</u>, §371 is merely a pre-existing crime that is as correctly expressed now as it was in the original Count when defendants faced trial. As expressed by the Court of Appeals at page 526 of the opinion in this case, "trimming back the penalty comports with the core purpose of the Ex Post Facto Clause." The addition of the applicable statute does not change the elements of the offense charged nor said citation constitutes an essential element of the offense.

7. The Court of Appeals for the First Circuit remanded this case for re-trial as to Counts 4 and 5 of the Indictment and did not make any other pronouncements as to Count 4. The mandate of the Court of Appeals must be strictly followed.

**Criminal No. 99-295(DRD)** <u>Page No. 4</u>

Wherefore, the United States respectfully requests that the above motion be granted as requested and the amendment to Count Four of the Indictment be so ordered.

San Juan, Puerto Rico, this 14th. day of October, 2005.

Respectfully submitted.

        H. S. GARCIA
        UNITED STATES ATTORNEY

        S/Antonio R. Bazán, 117007
        Assistant U.S. Attorney
        Criminal Division
        Torre Chardón, 16th. Floor
        #350 Chardón Avenue
        Hato Rey, Puerto Rico, 00918
        Tel. (787) 766-5650

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2005, I electronically filed the foregoing document with the Clerk of the Court Cm/ECF system which will send notification of such filling to the following attorneys:
1. Linda Backiel, Esq.

        S/Antonio R. Bazán, 117007
        Assistant U.S. Attorney