**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**


UNITED STATES OF AMERICA         :

     v.                             :

DAVID VEGA MOLINA               :        **Cr. 99-295 (DRD)**


**DEFENDANT'S
REPONSE IN OPPOSITION TO PROSECUTION MOTIONS
FOR LEAVE TO AMEND THE INDICTMENT**

TO THE COURT:

DEFENDANT, David Vega Molina, by his undersigned counsel, hereby answers and opposes the prosecution's "Memorandum in Support of Motion to Amend Count Four of the Indictment" filed on November 1, 2005. In order to avoid unnecessary repetition, this Memorandum will not repeat either the facts, procedural history or argument recited in Defendant's Motion to Dismiss Count IV, Objections to Report and Recommendation[1], and Motion for Leave to Respond to Reply to Motion to Dismiss Count IV of the Indictment, with Tendered Reply, all of which are hereby incorporated herein.

In its argument in the Memorandum in Support of Motion to Amend Count Four of the Indictment, the prosecution argues that it should be allowed to add a second charge to COUNT IV, namely violation of 18 U.S.C. §371, implying, by its citation to Rule 7(c)(3), F.R.Cr.P., that the initial charge of violation of 18 U.S.C. §1201 was a mere "citation error." (R. 7(c)(3) "Citation Error."))

**1. There is no citation error.**

The prosecution did not mistakenly write "in violation of 18 U.S.C. 1203(a)(b)(2)" when it intended to write "in violation of 18 U.S.C. 371." It correctly cited §1203(b)(2), which is the citation to the only offense set forth in four pages of the indictment dedicated to Count IV.

**2. The prosecution can amend an information, but not an indictment.**

---

[1]     It appears that the Objections have not yet been ruled upon.

The prosecution cited in support of its Motion Rule 7(e) of the Federal Fules of Criminal Procedure. That Rule authorizes amdendment a prosecution-generated charging document--an information. It does not and cannot, consistent with the Presentment Clause of the Fifth Amendment, amend a grand jury's indictment. The fact that a Court of Appeals can, upon harmless error review, affirm a conviction for a lesser offense following conviction of a greater does not eradicate a defendant's right not to be tried except upon indictment returned by a grand jury, nor deprive him or her of relief when, prior to trial, a motion to dismiss a "blantant" and "transparently clear" violation of the Ex Post Facto prohibition.[2]

An indictment amened by the prosecution, with or without authorization of the Court, is not the indictment returned by the grand jury to which every defendant has a right. See, Ex parte Bain, 121 U.S. 1, 6 (1887):

> [T]here is a great difference between amending indictments and amending informations. Indictments are found upon the oaths of a jury, and ought only to be amended by themselves; but informations are as declarations in the king's suit. An officer of the crown has the right of framing them originally; **he may, with leave, amend in like manner, as any plaintiff may do**.

The prosecution ignores this critical differences between indictments and informations. While occasionally appellate courts or commentators occasionally refer to amendment of indictments, those "amended indictments" are returned by a grand jury, not a prosecutor. See, e.g., United States v. Dhinsa, 243 F.3d 635 (2d Cir. 2001)(reversible error for district court to permit prosecution to proceed on indictment amended by grand jury to charge 18 U.S.C. §1201(a)(1) after presenting its case in chief, even when defense had conceded only new element to the charge); United States v. Milstein, ___ F.3d ___, 2d Cir. No. 01-1499, decided March 10, 2005)(distinguishing Dhinsa and affirming conviction when grand jury's amendment to the indictment added jurisdictional allegation. Following "theoretical mistrial" and arraignment on new indictment, trial judge incorporated evidence from first trial and allowed prosecution to present additional evidence on new element). Counsel has been

---

[2]    United States v. Vega Molina, et al., 03-1625, May 19, 2005, slip opinion at page 14 of 29, downloaded from ca1.uscourts.gov/cgi-bin/getopn.pl?OPINION=03-1625.01,A.

unable to locate a single case, and the prosecution has cited none, supporting the proposition that following a felony indictment by a grand jury, the prosecution may amend a count of an indictment to charge an additional offense. That prerogative is the grand jury's alone.

While the prosecution may, with leave of the Court, strike surplusage from an indictment, it may not **add a second charge**, as is proposed here.

### 3.    The proposed amendment compounds, rather than remedies the Constitutional error, and runs afoul of Rule 8,  F.R.Cr.P.

While an indictment may charge various offenses, it must do so "**in separate counts**." Rule 8, F.R.Cr.P. Charging two or more offenses in a single count is duplicitous, causing confusion as to the elements the jury must determine beyond a reasonable doubt. In this case, adding a conspiracy charge to Count IV invites serious confusion. First, the Count charges conspiracy to hold hostage a foreign national for ransom--the charge prohibited by the Ex Post Facto clause. Then, it would also charge a conspiracy to commit an offense against the United States.

The indictment alleges violation of 18 U.S.C. §1203(a)(b)(2), which reads, in pertinent part,

(b)(2) It is **not an offense** under this section if the conduct required for the offense occurred inside the United States, each alleged offender and each person seized or detained are nationals of the United States, and each alleged offender is found in the United States, unless the governmental organization sought to be compelled is the government of the United States.

The factual allegations assert that the offense occurred inside the United States, each alleged offender was a national of and found inside the United States, but that the hostage was a Mexican national. Thus statute was not violated in the modality which requires the "organization sought to be compelled" to be the United States.

18 U.S.C. §371, on the other hand, requires that the defendants conspire to "commit any offense against the United States." Even assuming, arguendo, none of the constitutional barriers discussed above, even a grand jury's return of a count which merely adds the citation to 18 U.S.C. §371 poses a distinct risk of jury confusion and instructional chaos.

In essence, the prosecution seeks the Court's leave to engage in  a procedural end run around two constitutional guarantees: that barring Ex Post  Facto convictions, and that barring amendment of

indictments without presentment to a grand jury. It rides the steed of the Court of Appeals remedy for sentencing upon harmless error. The Court of Appeals did not have before it a motion to "amend" an indictment, and did not authorize such a procedure. Nor did it have before it an objection to the Count as drafted. It had the distinctly appellate task of determining what remedy to provide when appellants appeared before it convicted, following an otherwise fair trial, of an offense they should not have been prosecuted for. In the exercise of its discretion on plain error review, the Court of Appeals determined that justice would best be served, in those circumstances, by remanding for what amounts to a lesser sentence of up to five years, where all defendants are serving substantially longer sentences.

That does not answer the question of whether the Constitution permits trial of a defendant on the unconstitutional charge, over his objection, lodged prior to trial. There is nothing in the Court of Appeals opinion that remotely suggests the prosecution would view it as a license to obviate the Presentment Clause and Rules 7(e) and 8 of the Federal Rules of Criminal Procedure. Such shortcuts would not only violate defendant's rights; they would, in the long run, not be short-cuts but lengthy procedural detours resulting, in the worst of scenarios, in yet another order for a new trial.

WHEREFORE, it is respectfully requested that the Motion to Amend be DENIED, and COUNT FOUR OF THE INDICTMENT BE DISMISSED WITH PREJUDICE, as requested in Defendant's Motion.

CERTIFICATION

I hereby certify that on this date, the foregoing was electronically filed with the Clerk of the Court via CM/ECF system, which will cause a copy to be electronically served upon all counsel of record.

Respectfully submitted:

November 12, 2005

s/     Linda A. Backiel
       USDC # 212110
       Av. E. .Pol 497 PMB 597
       La Cumbre, San Juan
       Puerto Rico 00926-5639
       Tel and Fax: 787-751-4941
       ollb@coqui.net