## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**
**Plaintiff**

**v.**                                                   **CRIMINAL NO. 99-295(DRD)**

**DAVID VEGA-MOLINA[3]**

### OPINION AND ORDER

Pending before the Court is the co-defendant, David Vega-Molina's *Motion to Dismiss Count IV of the Indictment* (Docket No. 526). Vega-Molina moves the Court to dismiss the defendant's indictment because it charges an offense under 18 U.S.C. §1203(a) for acts which took place in 1995, but at said time, the challenged statute did not include conspiracy to commit hostage taking as an offense. Defendant Vega-Molina avers that it was not until 1996 that 18 U.S.C. §1203(a) was amended to include said conduct as a punishable offense. Consequently, co-defendant Vega-Molina affirms that the indictment should be dismissed because the Constitution of the United States prohibits his trial on a charge that did not exist at the time of the alleged acts were committed in the indictment. In other words, co-defendant sustains that the indictment as it is, violates the *Ex Post Facto* Clause of the Constitution of the United States.

Finally, in support of his position, co-defendant Vega-Molina points to the fact that the Court of Appeals for the First Circuit, in an appeal from other co-defendants similarly charged, remanded for resentencing said co-defendants as if they had been convicted under U.S.C. §371 because said co-defendants failed to raise prior to the appeal arguments related to violations to the *Ex Post Facto* Clause hence the arguments were waived for appeal purposes. Notwithstanding, co-defendant Vega-Molina sustains that in his particular case the issue was not explicitly decided because the Court of Appeals determined that other evidentiary and constitutional errors committed during trial warranted that Vega-Molina be held to a new trial on Counts IV and V of the indictment.

Co-defendant Vega-Molina's *Motion to Dismiss* (Docket No. 526) was referred on September 21, 2005, to Magistrate Judge Gustavo A. Gelpi for a Report and Recommendation (R & R) on this issue (Docket No. 534). On September 28, 3005, Magistrate Judge Gelpi issued its R & R recommending that the Vega-Molina motion to dismiss should be denied (Docket No. 538). The R & R concluded that the Government should move to amend the indictment to charge a violation of §371 or a direct violation of §1203(a). Basically, the Magistrate Judge determined that due to the fact that the Circuit Court had ruled that 18 U.S.C. §1203(a) had not been enacted at the time Vega-Molina committed the offense, the defendant should not be benefitted from his "inattentiveness" for not having raised said issue before the *nisi prius* court and the Government should be given to amend the indictment as to Count IV.

Vega-Molina timely objected to the Magistrate Judge R & R's findings (Docket No. 539). In its objections, firstly, Vega-Molina objects to the Court's adoption of the language used by the First Circuit Court of Appeals in its decision relating to the appropriate remedy for plain error to his motion to dismiss since it should have been decided on the merits not subject to a plain error standard of review.  Consequently, co-defendant affirms that it is premature and inappropriate "to recommend to the prosecution how to improve its position, and to prejudge any of its alternatives and any defense response".  Secondly, Vega-Molina sustains that it is inappropriate for the Government to amend the indictment under §1203(a) as initially written since it would violate co-defendant's substantive Fifth Amendment right not to be tried except upon being properly indicted by a grand jury who has been apprised of the evidence presented at the first trial and properly instructed because said amendment would charge a felony and not a misdemeanor offense.  After examining the objections filed by the co-defendants (Dockets Nos. 82, 83 & 84), the Court has found that the R & R is properly reasoned and founded.  Thus, the R & R is **ADOPTED** *in toto*.

First of all, the Magistrate correctly explained that any objections to the R & R must be filed with the Clerk of Court within ten (10) days afer being served with a copy thereof.  Further, the Magistrate Judge advised the party that the objections to be raised should specifically identify the portion of the recommendation, or report to which the objection is made and the basis for said objections. See Fed. R. Civ. P. 72(b) and Local Rule 72(d).  Pursuant to Fed. R. Civ. P. 72(b), "[a]bsent objection by the plaintiffs, the district court had a right to assume that plaintiffs agreed to the magistrate's recommendation." Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir.), *cert. denied*, 474 U.S. 1021 (1985).  Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992).  See also Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir. 1993) (stating that "[objection to a magistrate's report preserves only those objections that are specified"); Keating v. Secretary of H.H.S., 848 F.2d 271, 275 (1st Cir. 1988); Borden v. Secretary of H.H.S., 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised").  See generally United States v. Valencia, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

Notwithstanding, the "objections" raised by the co-defendant in its opposition to the R& R, the objections raised by Vega-Molina fail to state any new facts or case law in support of his averments.  The Court, nonetheless conducts a *de novo* review of the record.

As a general rule, and with few exceptions, "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury".  U.S. CONST. amend V.  Consequently, Rule 7(a), Fed.R.Crim.P., 18 U.S.C., provides that an offense (other than criminal contempt) punishable by death or imprisonment for more than one year must be prosecuted by an indictment.

It is well settled law that "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. U.S., 418 U.S. 87, 117 (1974). In other words, an indictment is sufficient if it "set[s] forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.'" Id. (Citations omitted).

At the outset, the Court notes that Rule 7(e), Fed.R.Crim.P., provides that information may be amended at any time before the verdict or finding but specifically does not provide for amendments to indictments.[1] Nevertheless, an amendment to an indictment has been defined as involving a change, whether literal or in effect, in the terms of said indictment. U.S. v. Beeler, 587 F.2d 340, 342(6th Cir. 1978). Consequently, amendments of the indictments have been held to be prejudicial Per se. U.S. v. Floresca, 38 F.3d 706, 711(4th Cir. 1969). Notwithstanding, should the party moving for an amendment that constitutes an essential element of crime, it is a substantial change and cannot be made except by resubmission to a grand jury. U.S. v. Fischetti, 450 F.2d 34, 39(5th Cir.) cert. denied, 405 U.S. 1016 (1971).

Therefore, it is evident that "the indictment as a charging instrument has been recognized to have two chief purposes-- first to apprise the accused of the charges against him, so that he may adequately prepare his defense, and second to describe the crime with which he is charged with sufficient specificity to enable him to protect against future jeopardy for the same offense." Gaither v. U.S., 413 F.2d 1061, 1066(D.C. Cir. 1969)(citations omitted). Consequently, an amendment to an indictment pursuing substantive changes should not be granted because said amendment may change nature of offense, either by proposing a change in factual allegations or a change in the legal description of the elements of the offense, thus violating the notice component of the Sixth Amendment.

Finally, one test for determining whether an amendment of an indictment is a matter of form or one of substance is whether a conviction on the original indictment would bar the subsequent prosecution of the defendant based on the amended indictment. Com. v. Knight, 437 Mass. 487, 773 N.E.2d 390(2002). Furthermore, in words of the Court of Appeals for the Sixth Circuit: "[T]he purposes underlying the rule against amendments and constructive amendments include notice to the defendant of the charges he will face at trial, notice to the court so that it may determine if the alleged facts are sufficient in law to support a conviction, prevention of further prosecution for the same offense, and finally, of 'paramount importance,' the assurance that a group of citizens independent of prosecutors or law enforcement officials have reviewed the allegations and determined that the case is worthy of being presented to a jury for a determination of the defendant's guilt or innocence." U.S. v. Beeler, 587 F.2d at 342.

---

[1] Rule 7(e) provides that: "[U]nless an additional or different offense is charged or a substantial right of the defendant is prejudiced, the court may permit an information to be amended at any time before verdict or finding.

Accordingly, "after an indictment has been returned[,] its charges may not be broadened through amendment except by the grand jury itself." U.S. v. Fornia-Castillo, 408 F.3d 52, 66(1ˢᵗ Cir. 2005)(*citing* Stirone v. United States, 361 U.S. 212, 215-216 (1960)(*citing* Ex Parte Bain, 121 U.S. 1, 7 (1887)). Likewise, it is known that an indictment is constructively amended when "the charging terms of the indictment are altered, ... in effect, by prosecution or court after the grand jury has last past upon them".   United States v. Dunn, 758 F.2d 30(1ˢᵗ Cir. 1985)(quotations omitted). Notwithstanding the general provisions that amendments to indictments are not favored by the Courts, such matters relating to matters of form have been allowed by the courts and not considered an amendments to the indictments because they do not constitutes a violation to defendant's substantive rights, to wit, the corrections of typographical errors; United States v. Rivera-Ruiz, 244 F.3d 263, 271 (1ˢᵗ Cir. 2001); United States v. Pedigo, 12 F.3d 618, 631 (7ᵗʰ Cir, 1994); United States v. Lake, 985 F.2d 265, 271 (6ᵗʰ Cir. 1993); United States v. Lim, 984 F.2d 331, 337 (9ᵗʰ Cir.), *cert. denied*, 508 U.S. 965 (1993); United States v. Kegler, 724 F.2d 190, 195 (D.C. Cir. 1984); striking surplusage language is not considered an amendment, United States v. Nabors, 762 F.2d 642, 647 (8ᵗʰ Cir. 1985); irrelevant, inflammatory, or prejudicial information will be stricken, U.S. v. Hickey, 16 F.Supp.2d 223, 234 (E.D.N.Y. 1998); counts within the indictment not supported by the evidence may be withdrawn should the remaining allegations charge an offense, U.S. v. Winter, 663 F.2d 1120, 1139-1140 (1ˢᵗ Cir. 1981), *cert. denied*, 460 U.S. 1011 (1983).

The Court of Appeals for the First Circuit in the companion appeal, to wit, U.S. v. Vega-Molina, 407 F.3d 511 (1ˢᵗ Cir. 2005) faced a challenge made by the remaining co-defendants in the instant case under the *Ex Post Facto* Clause to the Government's indictment under 18 U.S.C. §1203(a) because said statute did not contain a conspiracy provision at the time that the instant alleged acts took place.[2]   The First Circuit Court determined that the challenge raised by the co-defendants was to be conducted under the plain error standard of review because said co-defendants failed to raise said *Ex Post Facto* challenge before the district court.

Notwithstanding the plain error standard of review, the Court of Appeals determined that:

> **It is apodictic that erroneous statutory citations in an indictment do not constitute grounds for reversing a conviction as long as the defendant was on fair notice of the charges against him.** (Citations omitted). **We perceive no substantive difference between charging a defendant with a section 371 conspiracy to violate section 1203 and charging a defendant under the nascent conspiracy provision of section 1203, as amended.** This congruence is solid proof that the appellants were in no way prejudiced in their ability to mount a defense by the government's erroneous citation to the amended (and inapplicable) version of section 1203. (Citations omitted).

United States v. Vega-Molina, et al., 407 F.3d at 525-526. (Emphasis ours.)

---

[2] The Court of Appeals determined that because co-defendant Vega-Molina was entitled to a new trial on Counts 4 and 5, the challenge as to the Ex Post Facto application was only applicable to co-defendants Zuñiga, Villega, and Rodriguez-Matos.  *See* U.S. v. Vega-Molina, 407 F.3d at 525 n.3.

Furthermore, the Appeals Court concluded that should the remaining co-defendants had raised the *Ex Post Facto* challenge before the district court (which is precisely co-defendant Vega-Molina's instant challenge) the Government could have moved to amend the indictment under either statute, to wit, section 371 conspiracy or a direct violation of section 1203. In its relevant parts, the First Circuit Court's Opinion stated the following:

> The short of it is that, **in practical effect, the amendment adding the language "or conspires" to section 1203,** *see supra* **note 4, did not create a new offense**; it merely increased the potential penalty for a preexisting crime.  Thus, leaving the conviction intact but trimming back the penalty comports with the core purpose of the *Ex Post Facto* Clause.  **After all, there is ample case law to support the proposition that when a defendant is sentenced under a penalty provision that did not exist at the time of the offense, the proper remedy is not to reverse the conviction, but, rather, to remand for resentencing under the preexisting penalty provision**.  *See* Miller v. Florida, 482 U.S. 423, 435-36 (1987); United States v. Vazquez-Rivera, 135 F.3d 172, 177 (1st Cir.1998).  We find this parallel persuasive and, thus, decline the appellants' invitation to throw out the baby with the bath water.
>
> **In reaching this decision, we are mindful of the fact that none of the appellants raised the** *ex post facto* **issue in the trial court.  Had they done so, the government could have moved to amend the indictment either to charge a section 371 conspiracy or to charge a direct violation of section 1203.**  The appellants' inattentiveness should not redound to their benefit. United States v. Taylor, 54 F.3d 967, 972 (1st Cir.1995)(observing that "the law ministers to the vigilant, not to those who sleep upon perceptible rights"). To sum up, we reject the appellants' ex post facto challenge to their convictions on count 4, with the proviso that their sentences on that count must be refashioned to reflect the five-year statutory maximum contained in 18 U.S.C. § 371.

United States v. Vega-Molina, et al., 407 F.3d at 526. (Emphasis ours.)

Evidently, the ruling provided by the Court of Appeals to the Ex Post Facto challenge presented by the remaining co-defendants is fully applicable to co-defendant Vega-Molina's challenge because the basis for the Court's conclusions are the same grounds raised by the latter co-defendant in its motion to dismiss.  In sum, the First Circuit Court determined that the fact that Vega-Molina's indictment may be amended by the Government because no substantive rights were affected by **misnumbering the applicable statute and the defendants were fully knowledgeable of the charges presented against them and their ability to mount a defense was not jeopardized hence no prejudice resulted to the defendants**.  The Court therefore concludes that there is no substantive amendment to a mere renumbering.  Therefore, for the reasons stated herein, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Docket No. 538) and **DENIES** co-

defendant, David Vega-Molina's *Motion to Dismiss Count IV of the Indictment* (Docket No. 526).

Furthermore, for the reasons stated herein, the Court **GRANTS in part** the *United States Motion to Amend Count IV of the Indictment* (Docket No. 540). The Government may amend the indictment to reflect charges pursuant to 28 U.S.C. §1203(a) **using the language in the statute as of the time the alleged acts occurred** because as determined by the First Circuit adding the language "or conspires" to section 1203 does not "create a new offense it merely increased the potential penalty for a preexisting crime". United States v. Vega-Molina, et al., 407 F.3d at 526. Of course, should Vega-Molina be found guilty, the maximum penalty under 1203(a) will be five years. The Court has reached this decision based in the conclusion reached by the First Circuit Court in Vega-Molina, *supra*, wherein the Court of Appeals stated that should the co-defendants have moved to challenge the *Ex Post Facto* application of §1203 before the district court, "the government could have moved to amend the indictment **either to charge a section 371 conspiracy or to charge a direct violation of section 1203.**" United States v. Vega-Molina, et al., 407 F.3d at 526. (Emphasis ours.) The Court emphasizes that the specific language used by First Circuit's Court of Appeals to the effect of amending the indictment refers to **either §371 or §1203** and not as to both statutes. The Court deems that allowing the Government to file a charge pursuant to §371 in addition to a charge under §1203 would be duplicitous and could result in the instant proceedings being stalled because further motions could be filed by the co-defendant challenging whether said amendment requires prior submittal to a Grand Jury.


**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 15th day of November 2005.


**S/ *DANIEL R. DOMINGUEZ***
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**