UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA <br> Plaintiff <br><br> v. <br><br> DAVID VEGA MOLINA   and <br> MICHELLE RODRIGUEZ MATOS <br> Defendants | Criminal No. 99-295(DRD) |

**UNITED STATES REPLY TO MOTION FOR DISCOVERY
PURSUANT TO RULE 16(a) F.R.C.P., <u>BRADY</u> v. <u>MARYLAND</u>
AND <u>GIGLIO</u> v. <u>UNITED STATES OF AMERICA</u>**

**COMES NOW** the United States of America by and through the undersigned attorneys and very respectfully states and prays as follows:

I. Status of Discovery and Request for Discovery:

1. The United States respectfully submits to the Court that there has been an exchange of correspondence with counsel for defendant and as a result of the same, discovery documents have been provided to counsel notwithstanding the fact that they had been provided to previous counsel for the first trial of this case. The United States will attempt to answer through this motion various issues which have been raised by counsel for defendant and had not been requested by previous counsel.

2[1]. ITEMS REQUESTED PURSUANT TO RULE 16(a)(1)(A) and (B)

(A) The United States, after consulting the agents involved in the

---

[1] Defendant's motion does not have an item or paragraph marked as number 2 and goes directly to number 3 with the title "Items Requested Pursuant to Rule 16(a)(1)(A) and (B).

**Criminal No. 99-295(DRD)**  <u>Page No. 2</u>

arrest of David Vega Molina, represents that said defendant has not given any statements, verbal or written, that implicates him in the commission of this offense. Therefore, there should be no pending requests as to this matter. It should also be noted that David Vega Molina voluntarily surrendered to Federal authorities and no property was seized from him.

(B) The United States hereby submits that all statements and comments given by the co-defendants at the time of their arrest or in subsequent debriefings, like in the case of co-defendants Zuniga Bruno and Evelyn Rodriguez, have been provided in the informal discovery in the form of FBI 302 Reports. It should also be noted that a 302 Report of the recent debriefing of Michelle Rodriguez has already been provided to defense counsel. All reports related to debriefings of Zuniga Bruno have been provided in informal discovery and there are no pending reports to be handed over to defense counsel.

(C) The United States is not aware of any witness that has failed to identify David Vega Molina in this case and submits that every cooperating witnesses that testified at trial were able to identify him from the witness stand. The "rough notes" of the agents are not discoverable until after they testify at trial. The undersigned will check if the rough notes, if any, of the agents that testified at trial, are still available, on the initial interviews of co-defendants Michelle Rodriguez (S/A Gonzalez) and Villegas (S/A Edwin

Lopez). Evelyn Rodriguez, was shown photographs of Vega Molina, Michelle Rodriguez and Villegas.

(D) There are no oral statements or written statements by Michelle Rodriguez other than those already provided in discovery.

4. Items Requested Pursuant To Rule 16:

The United States has no information that any of its witnesses has engaged in any criminal conduct since the trial was held in this case. Evelyn Rodriguez served a term of imprisonment and is under Supervised Release. Had she committed any offenses during the requested period of time, her supervised release would have been revoked.

5. ITEMS REQUESTED PURSUANT TO RULE 16(a)(1)(E) or (f) and/or Brady/Giglio.

(A) Defendant David Vega Molina voluntarily surrendered himself to Federal Authorities and therefore no property or documents were seized from him. The United States submits that David Vega Molina did not provide the FBI any verbal or written statements that defense counsel might attempt to suppress.

(B) Counsel for defendant has been presented with a draft of a joint motion and order to submit defendant David Vega Molina to the FBI Evidence Response Team to obtain DNA, Blood and Hair, but there is still no agreement on the samples to be obtained or the procedure to be followed.

Criminal No. 99-295(DRD)                                                              <u>Page No. 4</u>

© Biological Evidence:

<u>Fingerprints</u>: The United States respectfully submits that none of the fingerprints obtained from the different "crime scenes" in this case can be compared to those obtained from David Vega Molina. The crime scenes refer to a) Fernandez Editores, b) the apartment of the victim in the Condado area and c) the Toyota automobile of the victim which was left abandoned.

<u>DNA TESTING REQUEST</u>:

The case agents have verified that all evidence gathered from the different crime scenes is now in the District of Puerto Rico and under the custody of the Federal Bureau of Investigation.

**Airtel of 2/23/95**: Aside from what appears to be the external appearance of the evidence collected, since there was no suspect arrested until the year 1999, no hair or biological evidence was tested to determine if the same corresponded to the victim Guillermo Munoz or any other person.

**Airtel of 4/24/95**: Aside from what appears to be the external appearance of the evidence collected, since there was no suspect arrested until the year 1999, no hair or biological evidence was tested to determine if the same corresponded to the victim Guillermo Munoz or any other person.

**Airtel of 2/23/95**: Aside from what appears to be the external appearance of the evidence collected, since there was no suspect arrested until the year 1999, no hair or biological evidence was tested to determine if the same corresponded to the victim Guillermo Munoz or any other person. No blood tests were made to conclude that the blood belonged to the victim Guillermo Munoz since there was not another subject to compare with the samples taken. No determination has been made as to whose blood this is although proximity of the victim(s) might bring a fair estimate.

Criminal No. 99-295(DRD)                                                                 <u>Page No. 5</u>

**Airtel of 4/24/95**: Aside from what appears to be the external appearance of the evidence collected, since there was no suspect arrested until the year 1999, no saliva was tested to determine if the same corresponded to the victim Guillermo Munoz or any other person.

**The United States respectfully informs the Honorable Court that since no comparisons whatsoever have been conducted, the United States cannot admit or deny that any of the afore described blood, hair or fibers would match that of David Vega Molina since <u>no hair, blood or buccal swabs have ever been obtained from him.</u> The United States further submits that it is a known fact, pursuant to testimony of witnesses already deposed in the previous trial, that David Vega Molina was not present at the crime scene of Fernandez Editores nor at the crime scene of the victim's apartment. Therefore, it would be an exercise in futility to do any comparison of the samples obtained at those sites with those of Vega Molina because the possibility of a match would be zero.** On the other hand, there is no testimony or evidence to *prove or disprove* that David Vega Molina at any point in time during the commission of the offense drove, used or was inside the victim's Toyota vehicle. Should David Vega Molina voluntarily submit himself to DNA, hair and blood testing, this would be the "crime scene" whose evidence would be used for comparison purposes.

The United States further submits that the only way that an analysis of any such evidence by the FBI Laboratory would be conducted, would be if David Vega Molina voluntarily submits to the DNA, hair samples and buccal swab tests.

(D) BALLISTICS AND OTHER EXPERT REPORTS

Counsel for defendant is very well aware that in order to conduct a ballistics comparison test, a firearm must be seized. In this case, only projectiles were obtained but no firearms were ever seized from any of the defendants who were arrested almost five (5) years later. Only the projectile obtained in the autopsy of Guillermo Munoz would be pertinent to this case and the same has been designated as evidence for this case.

(E) Documents or objects:

All documents and objects pertinent to the prosecution of this case have been designated for the case-in-chief of the United States. The extent of documents and objects to be presented in evidence will be the same as those presented in the previous trial of this case. The 302 Report on the debriefing by the FBI of Michelle Rodriguez has already been afforded to counsel through informal discovery. It should be noted that as of this date Michelle Rodriguez continues to serve her term of imprisonment and thus, has not been convicted of any offenses.

Criminal No. 99-295(DRD)                                                          Page No. 7

(i) S/A Edwin Lopez has been advised to prepare copies of all payments made to Jessica Rivera and to Evelyn Rodriguez, to assure their appearance as witnesses in this case and in the case of Evelyn Rodriguez to provide evidence of payments to relocate in another state.

(ii) S/A Edwin Lopez has been advised that he must obtain copy of the Plea Agreement of Evelyn Rodriguez with the United States Attorney's Office in the kidnaping case from New York and to inquire what benefits, if any, were afforded to Evelyn Rodriguez, as a witness in that jurisdiction.

(iii) The 302 of the Federal Bureau of Investigation in regards to debriefings of Evelyn Rodriguez and the kidnaping case are not available to this office. Those which involved Zuniga Bruno, who initially gave information against all co-defendants in this case have been afforded as part of the informal discovery in this case.

(iv) None. Refer to trial testimony of both Evelyn Rodriguez and her sister Jessica Rivera.

**It should be noted that the witnesses in this case, after being advised of the request of defense counsel to interview them prior to trial, have verbally declined to meet with counsel. Counsel Jose Romo Matienzo has sent a letter to this Office expressing that Michelle Rodriguez does not want to be interviewed by counsel for defendant Vega Molina.**

Criminal No. 99-295(DRD)                                                                                  <u>Page No. 8</u>

<u>ADDITIONAL BOOKS, RECORDS AND DOCUMENTS</u>:

(i) Counsel has been advised that the only documents available of entries and exits to the Royal Park Industrial Center during the month of January 1995, including but not limited to pages from the log book, are those which were provided through informal discovery.  None other are known to or in the possession of the United States.

(ii) Counsel for defendant is requesting information of toll records but has failed to provide the telephone numbers used by David Vega Molina for the period covered from January 26, 1995 and February 2, 1995, and up to thirty (30) days thereafter.  The United States will verify if such toll records of the telephones mentioned by defense counsel, that is, (809) 390-1080 and (809) 486-341 (incomplete in defendant's motion) contain the alleged information but respectfully submits that more than eleven years have gone by and subscriber information requested might not be available.  **Its for this reason that the United States hereby requests, as reciprocal discovery, that the telephone numbers, both cellular and land based) of David Vega Molina be provided by counsel to show a good faith basis for this request.**

(iii) As to the request by counsel regarding telephone number (787) 279-0530, allegedly the telephone of Michelle Morales, **again the United States hereby requests counsel for defendant to provide the land**

**based and cellular telephones in use by David Vega Molina during the pertinent dates**.

(iv) Same request as above. The evidence requested is one known only to the defendant and not to the government.

(v) Physical descriptions and sketches, composite sketches or other images made from witness descriptions, if any, DO NOT APPLY TO DAVID VEGA MOLINA BECAUSE HE DID NOT GO NOR IS SUSPECTED OF GOING TO ROB FERNANDEZ EDITORES. This is an unfair request since the same is irrelevant to the evidence to be presented. The descriptions of the assailants at Fernandez Editores were of two black men, descriptions which do not correspond with the physique or color of David Vega Molina.

(6) and (7). These items have already been provided as part of the informal discovery and are in the possession of defense counsel.

(8) **The only expert testimony to be used in this case, relates to the testimony of both coroners who performed the autopsies of the two victims in the totality of the case. Counsel for defendant knows already from the previous case and from this motion, that both physicians will testify about the bullet wounds in the bodies of both victims and what was the cause of death. Both are qualified in the field of Forensic Pathology, both are experienced physicians and have been admitted to testify as expert witnesses in this court and in**

Criminal No. 99-295(DRD) <u>Page No. 10</u>

**other jurisdictions**.

**DESIGNATION OF EVIDENCE PURSUANT TO RULE 12(b)(4)(A)**

The United States hereby makes the following designation of evidence for the trial of this case:

1. Pre arrest admissions of Michelle Rodriguez Matos. Ref. FBI/302 of 4/27/98.

2. Statement provided by Victor Manuel Villegas Angulo, also known as "Guirio" to the Federal Bureau of Investigation.

3. Statement provided by Evelyn Rodríguez Santiago to the Federal Bureau of Investigation.

4. Photographs of crime scene at Fernandez Editores related to January 31, 1995.

5. Photographs of the cadavers of Alberto Morales Matos and of Guillermo Jesus Muñoz Romero, both at the crime scene and at the autopsy room as taken by the Department of Forensic Sciences of the Commonwealth of Puerto Rico and the respective autopsy reports.

6. Spent shell and rounds of ammunition recovered at any of the above named crime scenes or at the time of the autopsy.

7. Photographs of the location (house) where Guillermo Jesus Muñoz Romero was held while ransom was being negotiated. This photograph was identified and signed by Victor M. Villegas Angulo.

Criminal No. 99-295(DRD)                                                  <u>Page No. 11</u>

8. Title III Order for Interception.

9. Title III recorded telephone conversations and the transcript translations.

10. All ballistics reports, if any.

11. Photograph of apartment of Guillermo Muñoz Romero.

12. Interstate document related to the Toyota vehicle in the possession of Guillermo Jesus Muñoz Romero.

13. The Plea Agreement(s) of any cooperating witnesses.

14. I.N.S. Documents of Guillermo Jesus Muñoz Romero to prove victim is a Mexican national. Two documents are attached and made part of this motion.

15. Drawings of the crime scene at Fernandez Editores by P.R.P.D. agent Edwin Velez Velez, Badge No. 9289.

16. Subscriber Information of FBI telephone 758-0330.

17. Photographs of co-defendants Juan Zuñiga, Evelyn Rodriguez, Michelle Rodriguez together.

18. Photographs of victim's Toyota automobile.

19. Book from Fernandez Editores recovered from victim's Toyota automobile.

20. Photograph of Dolores Falú (deceased).

21. Connecticut Identification Card under the name of Jorge Ortiz Fonseca with the picture of defendant Juan Zuñiga Bruno.

22. Two New York State driving tickets.

23. New York State Identification Card, Birth Certificate and Social Security Card under the name of Juan Carlos Otero Arroyo. The Identification Card has the picture of defendant Juan Zuñiga Bruno.

24. Receipt for the amount of $700.00 for the rent of the San Lorenzo house for the month of December, 1994.

25. Two (2) photographs of a wall at the location known as "El Callejón" with graffiti containing the names Lolo and Guirio. Location and names identified to FBI by cooperating co-defendant Evelyn Rodriguez Santiago.

26. Arrest photograph of Juan Zuñiga Bruno aka "Perla".

27. Arrest photograph of Victor Manuel Villegas.

28. Poster of Participants (Aid)

Criminal No. 99-295(DRD)   <u>Page No. 13</u>

29. Poster containing pictures of locations.

The United States reserves the right to add or delete evidentiary items to the above list prior to the date of trial.

Wherefore, the United States respectfully requests that reply to the above motion be noted.

San Juan, Puerto Rico, this 13th. day of April, 2006.

Respectfully submitted.

H. S. GARCIA
UNITED STATES ATTORNEY

S/Antonio R. Bazán, 117007
Assistant U.S. Attorney
Criminal Division
Torre Chardón, 16th. Floor
#350 Chardón Avenue
Hato Rey, Puerto Rico, 00918
Tel. (787) 766-5650

### CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2006, I electronically filed the foregoing document with the Clerk of the Court Cm/ECF system which will send notification of such filling to the following attorneys:
1. Linda Backiel, Esq.

S/Antonio R. Bazán, 117007
Assistant U.S. Attorney