UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| : | |
| I. : | |
| : | |
| : | |
| DAVID VEGA MOLINA : | Cr. No. 99-295(DRD) |
| _____ : | |

JOINT MOTION REQUESTING ORDER FOR DNA TESTING
WITH PROPOSED ORDER

COMES NOW David Vega Molina, represented by the undersigned counsel[1] and the United States represented by the undersigned attorneys and very respectfully move this Honorable Court to issue an Order pursuant to Title 18, United States Code Section 3600, and Brady v. Maryland, 373 U.S. 83 (1963), upon the United States Marshal Service and the Federal Bureau of Investigation to obtain DNA samples from the person of David Vega Molina, under the conditions and the purposes expressed as follows:

1. After a careful study of the issues of concern to both parties, the parties agree that DNA testing may provide highly probative evidence of defendant's participation or lack or participation in the events charged in the Indictment.

2. The parties agree that the samples to be taken for the purpose of conducting both nuclear and mitochondrial DNA testing should include bucal swabs, plucked and fallen hair , and

---

[1] Counsel Linda A. Backiel has authorized the undersigned to copy her draft of "Joint Motion For DNA Testing With Proposed Order" which was sent to the United States Attorney's Office by Fax. The Draft of the Order was received by electronic mail. Further authorization from counsel Linda A. Backiel to include both documents in this electronic mail was obtained on this same date via telephone by placing a telephone call to (212) 749-7650 at 8:20 p.m.
.

**Criminal No.  99-295(DRD)** <u>Page No. 2</u>

blood.

    3.  The parties agree that the samples shall be taken for that purpose only, and not for the purpose of introducing less conclusive evidence at trial, such as microscopic examination of hair[2].

    4. The parties agree that the blood samples will be drawn by qualified medical personnel.

    5.  The parties agree that counsel will be permitted to observe the collection of samples.

WHEREFORE, it is respectfully requested that the attached "Order" be GRANTED.

San Juan, Puerto Rico, this 25th day of April, 2006.

Respectfully submitted.

                                                             H. S. GARCIA
                                                             UNITED STATES ATTORNEY

                                                              S/ Antonio R. Bazan, 117007
                                                              Assistant U.S. Attorney
                                                              Chief, Violent Crime Unit
                                                              Chardon Tower, Suite 1201
                                                              #350 Chardon Avenue
                                                              Hato Rey, Puerto Rico, 00918
                                                              Telephone No. (787) 766-5656

---

[2]  The defense does not object to samples being used pursuant to any routine procedures for the purpose of elimination.  For example, if routine protocol involves microscopic examination of hair to rule out the utility of DNA testing, such testing is not objectionable.  The parties agree that should the result of DNA testing be negative with respect to any match between that of the defendant and samples from any relevant site, then the prosecution will not seek to introduce the less probative evidence of microscopic comparison.

Criminal No.  99-295(DRD) **Page No. 3**

CERTIFICATE OF SERVICE

    I hereby certify that on April 25, 2006, I electronically filed the foregoing document with the Clerk of the Court Cm/ECF system which will send notification of such filling to the following attorneys:
1. Linda Backiel, Esq.

                                        S/Antonio R. Bazán, 117007
                                        Assistant U.S. Attorney

Criminal No. 99-295(DRD)                                                                                           <u>Page No. 4</u>

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| I. : | |
| : | |
| **DAVID VEGA MOLINA** : | Cr. No. 99-295(DRD) |
| _____ : | |

**ORDER FOR DNA TESTING**

In light of the joint motion filed by the United States and counsel for defendant David Vega Molina, for the reasons and on the grounds stated therein, this Court grants the same and hereby ORDERS:

1. **The United States Marshal's Service** to bring David Vega Molina from MDC Guaynabo, where he is in custody, to the U.S. Courthouse and Office Building on May ____, 2006 at 9:00 A.M., so that the FBI Evidence Response Team; and

2. **The Federal Bureau of Investigation** to co-ordinate with the Marshals Service to ensure the presence of such a team, including an authorized medical technician, to obtain DNA samples from Defendant under the conditions and for the purposes expressed as follows:

   A. To obtain nuclear and mitochondrial samples of Defendant's DNA, consisting of: bucal swabs, plucked and fallen hair, and blood. The samples obtained shall be sufficient for testing by the FBI. A total of nine samples of each kind of hair shall be taken from each location.

   B. The samples shall be taken for the above purpose only.

   C. Counsel for the defense shall be permitted to observe the procedure.

**Criminal No. 99-295(DRD)**                                                                                          <u>Page No. 5</u>

     Upon completion of the above-described process, the US Marshal's Service is ORDERED to return defendant to MDC-Guaynabo.

     Upon completion of the DNA analysis, the Federal Bureau of Investigation is ORDERED to send all the DNA evidence forthwith and under appropriate conditions for the preservation of each type of evidence, including liquid blood, to the FBI Laboratory in Washington, D.C. for expeditious testing.

     Immediately upon the conclusion of the testing at the FBI Laboratory, the results of the testing shall be made available to the Court, the prosecution and the defense.

     All chain of custody documents, logs, and other laboratory documentation of this sample and laboratory controls shall be preserved for review by the parties and the Court, should the need arise.

     SAN JUAN, PUERTO RICO THIS ____DAY OF _____, 2006.


                                                                                _____
                                                                                 DANIEL R. DOMINGUEZ
                                                                               United States District Judge
                                                                                  District of Puerto Rico

**Criminal No. 99-295(DRD)**                                                                 <u>**Page No. 6**</u>